IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE NUNEZ, | § | |
|     Plaintiff, | § | |
| v. | § | NO.  3:13-cv-00046-RFC |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act.  Plaintiff, who was born on December 12, 1956, was 56 years old at the time of the Administrative Law Judge's (ALJ) January 6, 2012 decision. (R:12-13, 276)[2]  She cannot read, write, or effectively communicate in English.  (R:292)  She has

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's onset date was amended from January 1, 2004, to May 31, 2007 at the February 5, 2009, hearing. (R:38, 73, 74)

past relevant work experience as a chain stitch machine operator. (R:57, 294)  For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

## PROCEDURAL HISTORY

On May 31, 2007, Plaintiff filed applications for disability insurance benefits (DIB)[3] and SSI, alleging disability commencing on January 1, 2004.  (R:92-93, 271-279)  After the agency denied Plaintiff's applications initially and on reconsideration, Plaintiff requested an administrative hearing. (R:143)  The hearing was held on February 5, 2009. (R:67) The ALJ issued his decision on May 28, 2009, dismissing Plaintiff's Title II claim and denying Plaintiff's XVI claim. (R:102-109) Plaintiff appealed the ALJ's decision and on October 2, 2009, the Appeals Council declined review of the ALJ's dismissal of Plaintiff's Title II claim but remanded Plaintiff's Title XVI claim for a new hearing and decision.  (R:110-115)

The ALJ conducted an additional administrative hearing on September 19, 2011. (R:33-66) The ALJ issued a decision on January 6, 2012, denying the SSI claim, determining that Plaintiff was not disabled within the meaning of the Social Security Act.  (R:18-27)  The Appeals Council denied review.  (R:1-8)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the final decision of the Commissioner denying benefits is supported by substantial evidence; and,

2. Whether the ALJ's finding that Plaintiff can perform other work existing in significant numbers in the national economy was made contrary to law.

---

[3] Due to insufficient quarters of coverage for insured status at that date, Plaintiff withdrew her Title II claim at the February 5, 2009, hearing. (R:38, 73, 74)

Plaintiff contends that the ALJ's step-five finding that Plaintiff can perform other work existing in significant numbers in the national economy was made in error. (Pl.'s Br. 3) By relying on this error to reach the step-five conclusion, she contends, Plaintiff asserts, the Commissioner has failed to meet her burden of proof at step five of the sequential evaluation process. Hence, Plaintiff concludes, the ALJ's decision is not supported by substantial evidence. (Pl.'s Br. 6)

Defendant responds by asserting that substantial evidence does in fact exist to support the step-five finding, that no legal error was committed by the Commissioner, and Plaintiff should not be permitted at this juncture to contest the vocational expert's (VE) testimony because the choice was made by counsel not to cross-examine the VE regarding whether Plaintiff's frequent handling restriction with her non-dominant hand and arm conflicted with the Dictionary of Occupational Titles' (DOT) descriptions of cook helper and kitchen helper. (Def.'s Br. 7-8)

## DISCUSSION

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*.; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

## *II. Evaluation Process*

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity (RFC), age, education and past work experience, that he is capable of performing other work. If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work. *See Masterson v. Barnhart,* 309 F.3d 267, 271-272 (5th Cir. 2002).

In the present case, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 31, 2007, the amended alleged onset date. (R:20).

At step two, the ALJ determined that Plaintiff had the following severe impairments: hypertension, headaches, ulcers, left hand ganglion/pain, and depression/mood disorder. *Id*. He concluded that Plaintiff's visual limitations and diabetes mellitus did not represent severe impairments under the Act. (R:21)

At step three, the ALJ found that Plaintiff's impairment or combination of impairments did not meet or equal one of the listed impairments. *Id*.

Next, the ALJ determined that Plaintiff had the RFC to perform medium work. (R:22)

> She is limited by left wrist pain to frequent handling and fingering with her left arm and left hand. She retains the ability to understand, remember and carry out only simple tasks and instructions and to make simple decisions. She is able to attend and concentrate for extended periods, to interact adequately with co-workers and supervisors and to respond appropriately to changes in routine work settings. [Plaintiff] is illiterate in the English language, in that she cannot read, write, or effectively communicate in English.

(R:22) The ALJ determined that Plaintiff's allegations regarding her limitations were not fully credible, and that her statements concerning the intensity, persistence and limiting effects of her symptoms were credible to the extent that they were consistent with the above-described RFC assessment. (R:23)

At step four, the ALJ concluded that Plaintiff could not perform her past relevant work as a chain stitch machine operator. (R:25)

At step five, after considering the Plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and based on the testimony of the VE, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (R:25) Specifically, the ALJ concluded that Plaintiff could perform the jobs of cook helper (DOT 317.687-010) and kitchen helper (DOT

318.687.010). (R:26) Consequently, he found that Plaintiff was not disabled through the date of the decision. *Id*.

### *III. The ALJ's Determination of Plaintiff's Residual Functional Capacity*

Residual functional capacity is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96-8p. The responsibility to determine the Plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making this determination, the ALJ must consider all the record evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)

In arriving at his RFC determination, the ALJ relied primarily on the medical evidence in this case. This includes the Physical Residual Functional Capacity Assessment form provided by Yvonne Post, D.O., which concluded that Plaintiff was able to perform medium work. (R:515-522) Dr. Post found that due to pain in the left wrist secondary to ganglion cyst, Plaintiff was limited to frequent handling/fingering with the left upper extremity. (R:518) This limitation was incorporated into the ALJ's RFC finding. (R:22-25) The rest of the record evidence, both medical and otherwise, substantiates the ALJ's RFC finding.

## *IV. Analysis*

Plaintiff contends that the ALJ committed reversible error when he relied upon VE testimony that conflicted with the DOT. This reliance can take place only if the record reflects an adequate basis for doing so, and the record is devoid of such. (Pl.'s Br. 5-6)  Plaintiff contends that although the VE testified that while the individual in the proposed hypothetical question would be able to perform the jobs of a cook helper and a kitchen helper, these jobs have requirements that exceed the Plaintiff's RFC. (Pl.'s Br. 4)  These jobs both requirement constant handling. *Id.*  Since the DOT does not distinguish between handling activities with both hands and arms and those in which handling activities can be accomplished with only one hand and arm, Plaintiff argues, the DOT requirements exceed Plaintiff's RFC limitations as determined by the ALJ. (Pl.'s Br. 4-5)  Thus, Plaintiff concludes, the ALJ committed reversible error in his decision.

Plaintiff's contentions are without merit.  The record shows that the ALJ developed the record with respect to how various manipulative limitations would affect Plaintiff's ability to work. The hypothetical question posed to the VE assumed an individual who is right-hand dominant and could perform only frequent handling with her non-dominant left arm and wrist. (R:58-59)  The ALJ further inquired whether a bilateral limitation to frequent handling and fingering would eliminate work as a cook helper and kitchen helper, to which the VE responded affirmatively. (R:61-62)  The area of occasional handling and fingering with Plaintiff's non-dominant left hand and arm was also inquired into. (R:64)  For all these evidentiary reasons, the record provides an adequate basis for the ALJ's reliance on the VE's testimony to support his step five determination. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

Social Security Ruling 00-4p states that occupational testimony provided by a VE should generally be consistent with that of the DOT.  At the hearing level, as part of the ALJ's duty to fully develop the record, the ALJ should inquire whether or not there is consistency between the VE evidence and the DOT.  SSR 00-4p.  In this case, the VE's clear and unchallenged testimony was that Plaintiff could perform the jobs of cook helper and kitchen helper.  The ALJ complied with his obligation under Ruling 00-4p by asking the VE whether his testimony would be consistent with the DOT.  His answer was unequivocally in the affirmative.  (R:56)  Since Plaintiff's counsel failed to inquire further into this issue, there was no apparent unresolved conflict between the VE evidence and the DOT at that point.  Hence, the ALJ's conclusion that the VE's testimony is consistent with the information contained in the DOT.  (R:26)

This is not a case involving a direct or obvious conflict between the VE's testimony and the DOT such as takes place when the VE's characterization of the exertional or skill level required for a particular job is facially different from the exertional or skill level provided for the job in the DOT.  Nor does any other similar conflict exist.  At most, the argument relates to an implied conflict between the VE's testimony and the DOT.  For example, nothing in the DOT's job descriptions indicates that the constant use of both hands and arms is required to perform either job.  (DOT 317.687-010 and 318.687.010).  The ALJ did not restrict Plaintiff's ability to handle with her dominant right arm and hand.  Thus, there is not necessarily a conflict between the VE's testimony and the DOT's job requirements for the positions of cook helper and kitchen helper.  *See, e.g., Canton v. Astrue*, No. 08-CV-3038, 2010 WL 5391184 at *7 (E.D.N.Y. Dec. 22, 2010) (where both hands are required to perform a job, the DOT has not been shy in saying so).

In a case where a claimant suffers from additional limitation(s) that make the medical Vocation Guidelines inapplicable, the Commissioner must rely upon the services of a VE or other similar evidence. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). That is in fact what took place in this case and led to the ALJ's step five conclusion. The Court declines to reverse the Commissioner's determination on the basis of an implied conflict between the VE's testimony and the DOT.

Alternatively, Plaintiff should not be allowed to scan the record for implied or unexplained conflicts between the precise testimony of the VE and the voluminous provisions of the DOT and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the hearing before the ALJ. *Carey*, 230 F.3d at 146-147. Plaintiff's counsel had a full opportunity to cross-examine the VE on the effects of Plaintiff's limitation on her ability to perform the jobs of cook helper and kitchen helper. Instead, the testimony remained unchallenged in this area, particularly with regard to the precise issue of constant or frequent handling that she is now raising before this Court. In so doing, Plaintiff failed to pursue the nature and extent of any purported conflict between the VE's testimony and DOT job requirements at that time. The principle enunciated in *Carey* controls in this case and bars Plaintiff from obtaining the relief she seeks.

A review of the entire record supports the ALJ's findings and RFC determination. The VE's testimony constitutes substantial evidence that Plaintiff is capable of performing other work existing in significant numbers in the national or regional economy, thus satisfying the Commissioner's burden at step five of the sequential evaluation process. Finally, the Court adjudges that no reversible error was committed by the ALJ, and that no award of benefits is warranted.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on December 15, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE